UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MAUREEN PEACHEY | : | |
| **Plaintiff** | : | CIVIL ACTION |
| | : | No. |
| v. | : | |
| | : | |
| BANCROFT NEUROHEALTH | : | |
| JOHN DOES 1-10; | : | JURY TRIAL DEMANDED |
| ABC CORP. 1-10 | : | |
| **Defendants** | : | |

## CIVIL ACTION COMPLAINT

**I.    PARTIES**

1. Maureen Peachey (hereinafter "Plaintiff") is an adult individual and a citizen of the State of New Jersey

2. Plaintiff was Caucasian, and thus in a protected class under 42 U.S.C. 1981.

3. Bancroft NeuroHealth (hereinafter "Defendant") is a corporation authorized to do business in the State of New Jersey.

4. ABC Corporations 1-10 are corporations not yet known who have ownership and/or control over Defendant, and who acted as Plaintiff's employer.   John Does 1-10 are individuals involved in the discrimination and retaliation Plaintiff faced, who are not yet known.

5.  At all times material and relevant to this complaint, Defendant was acting by and through its agents, servants, workmen, employees and/or representative who were acting within the course and scope of their employment and/or agency with said Defendant.  The conduct, action and/or omissions of the agents, servants, workmen, employees and/or representatives of defendant is imputed to defendant and defendant is fully liable for the conduct, action and/or omissions for its agents, servants, workmen, employees and/or representatives.

## II.     JURISDICTION AND VENUE

6. Subject matter jurisdiction is appropriate in this Court because this Court has federal question jurisdiction over Plaintiff's 42 U.S.C. § 1981 claims. Personal jurisdiction is appropriate because the Court has general jurisdiction over the Defendant and specific jurisdiction over matters arising out of Plaintiff's employment.

7. Venue is appropriate for this action because this is the vicinage where the events underlying this matter took place.

## III.    UNDERLYING FACTS

8. Plaintiff repeats all of the prior paragraphs as if stated at length herein.

9. Plaintiff worked for Bancroft Neuro Health.  At all relevant times, Plaintiff performed her job well.

10. Plaintiff was Caucasian, and she worked with a number of non-caucasian employees.

11. Plaintiff repeatedly suffered from discriminatory animus by Defendant due to her race.

12. For example, she was repeatedly called a "Karen" or a "white supremacist".

13. Plaintiff was treated differently by her managers and coworkers, and was forced to endure undue and unfair criticism about her job.

14. Plaintiff complained about this unfair and unequal treatment she was receiving.

15. Plaintiff was terminated shortly after her complaints, on November 30, 2021.

16. Plaintiff was terminated for remaining on premises after clocking out, simply because she was waiting for a ride.

.

17. As a non-discriminatory and non-retaliatory reason for Plaintiff's terminated, this incident was implausible, lacked credibility, and draws serious doubts into the true motive of her termination.

18. In fact, he incident with the specimen was simply pretext to terminate the Plaintiff due to the clear animus towards her race that was prevalent in the workplace, and in retaliation for her complaints about the discrimination she faced. In the alternative, Plaintiff was terminated in part due to this incident and in part due to discrimination / retaliation.

## COUNT ONE

**Hostile Work Environment / Retaliation / Racial Discrimination Under 42 U.S.C. 1981**

19. Plaintiff, Maureen Peachy, incorporates herein, by reference thereto, paragraphs one through twenty-two inclusive, as though the same were set forth herein at length.

20. Plaintiff was in a protected class due to her race.

21. Plaintiff was subject to a hostile work environment due to her race.

22. Plaintiff complained about the racist harassment she faced, but nothing was done about it.

23. Instead, Plaintiff was terminated.

24. In the treatment of the Plaintiff, Defendant's violated 42 U.S.C. 1981.

25. Defendant's violated 42 U.S.C. 1981 in multiple respects

   a. First, Plaintiff was subject to a hostile work environment due to her race.

   b. Second, Plaintiff complained about the harassment and rather than remedy the harassment, Plaintiff was terminated. Thus, Plaintiff was retaliated against in violation of 42 USC 1981.

      c. Lastly, Plaintiff was discriminated against in violation of 42 USC 1981.

**WHEREFORE**, Plaintiff respectfully requests compensatory damages against Defendant, Bancroft NeuroHealth and ABC Companies 1-10, in excess of $75,000, together with punitive damages, as well as costs, interest, and other relief the Court may deem appropriate under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury.

**MALAMUT & ASSOCIATES, LLC**

/s/ Mark R. Natale
Mark R. Natale, Esquire - 071292014
*Attorneys for Plaintiff*
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002
856-424-1808
856-295-4888 (f)
mnatale@malamutlaw.com